UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALENTINA JIMENEZ OSORIO *o/b/o* MARLON DANILO OSORIO ZAPATA,<br><br>              Petitioner,<br><br>      v.<br><br>DIRECTOR, DELANEY HALL DETENTION FACILITY, *et al.*,<br><br>              Respondents. | Civil Action No. 26-359 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

    Before the Court is a *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, brought by Valentina Jimenez Osorio ("Osorio") as "next friend" of petitioner Marlon Danilo Osorio ("Petitioner"), an immigration detainee confined at Delaney Hall Detention Center in Newark, New Jersey. (*See generally* ECF Nos. 1, 1-1.) The $5.00 filing fee has been paid.

    The Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

    On January 12, 2026, Osorio submitted the Petition as what the Court construes as Petitioner's "next friend." (*See* ECF Nos. 1, 1-1.) According to the Petition, Petitioner is currently detained at Delaney Hall Detention Center after being arrested by the Department of Homeland

Security ("DHS") on December 6, 2025. (ECF No. 1 at 1-2.) The Petition argues that Petitioner's detention without an individualized bond hearing violates his due process rights. (*Id.* at 2.)

Osario seeks to file the Petition as a "next friend" on Petitioner's behalf. The federal habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 petitions through Rule 1(b) and requiring the petition to be signed under penalty of perjury or by a person authorized to sign it for the petitioner under § 2242). In limited circumstances, persons unable to prosecute their own action may have third persons—"next friends"—stand in for them. *See Whitmore v. Arkansas*, 495 U.S. 149, 161–62 (1990).

"First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163–64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. "[N]ext friend" standing "'is by no means granted automatically to whomever seeks to pursue an action on behalf of another,' *id.* at 163, and next friend habeas petitions are 'rare.'" *Dyer ex rel. Dyer v. Warden of S. Woods State Prison*, No. 25-14807, 2025 WL 2783868, at *2 (D.N.J. Sept. 30, 2025) (citing *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)).

Osario fails to meet the first "next friend" requirement. Osario does not explain why Petitioner cannot bring this Petition on his own behalf. (*See generally* ECF Nos. 1, 1-1.) Although

Petitioner is in immigration detention, Petitioner may file a Petition *pro se*. Osorio has not provided evidence that Petitioner is otherwise incompetent to file a petition on his own.

In addition, "[i]n the federal courts, 'parties may plead and conduct their own cases personally or by counsel.' This provision authorizes only 'two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself."'" *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (quoting 28 U.S.C. § 1654; *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007)). In other words, Petitioner can appear on his own behalf or with an attorney to represent him. "A non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intelligence Agency*, 804 F. App'x 127, 128, n. 2 (3d Cir. May 13, 2020). Osorio has provided no evidence that he is an attorney. As a result, Osorio, as a lay person, cannot pursue this case as a "next friend" without retaining an attorney. "In other words, Petitioner can appear on his own behalf . . . [,] with an attorney to represent him," or with a next friend who has retained an attorney. *Kerrigan*, No. 2021 WL 6424641, at * 2 (quoting *Burton v. United States*, No. 20-5322, 2020 WL 2899496, at *2 (D.N.J. June 3, 2020)). For all of those reasons, the Court will deny Osorio's request to pursue this case as Petitioner's next friend.

Petitioner may reopen this matter by timely submitting a signed Petition on his own behalf. Alternatively, Osorio may reopen this matter if he can show why Petitioner cannot pursue this Petition on his own behalf and that Osorio has retained an attorney and filed a counseled motion to proceed at Petitioner's "next friend." Accordingly,

**IT IS**, on this 4th day of February 2026,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter; it is further

**ORDERED** that Osorio's request to pursue this matter as Petitioner's "next friend" is **DENIED** *without prejudice*; Orsorio may renew the request (1) upon the submission of an explanation why Petitioner cannot file a Petition on his own behalf, (2) after hiring an attorney, and (3) and filing a counseled motion to proceed as "next friend" within thirty (30) days from the date of this Order; it is further

**ORDERED** that alternatively, Petitioner has thirty (30) days from the date of this Order to submit a signed Petition on his own behalf; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon Petitioner by regular U.S. mail.

HONORABLE JULIEN XAVIER NEALS
United States District Judge