**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MARLON DANILO OSORIO ZAPATA,<br><br>      Petitioner,<br><br>  v.<br><br>LUIS SOTO, *et al.*,<br><br>      Respondents. | Civil Action No. 26-359 (JXN)<br><br><br>      **OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Marlon Danilo Osorio Zapata's ("Petitioner") Motion for Attorney's Fees ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 13.) Respondents filed an opposition to the Motion (ECF No. 15) and Petitioner filed a reply (ECF No. 16). The Court considered the parties' submissions in support of and opposition to the Petition and decides the motions without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Motion is **DENIED**.

## I.  BACKGROUND

Petitioner, a native of Colombia, entered the United States without admission or parole on or about November 25, 2023. (ECF No. 7 at 2.) Petitioner and his mother were released into the country on their own recognizance. (*Id.*) On December 6, 2025, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner. (*Id.*) Following Petitioner's arrest and detention by ICE, he was not afforded an individualized bond hearing because he was held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*)

On January 12, 2026, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention under § 1225(b)(2). (*See generally* ECF No. 1.) Respondents filed an opposition to the Petition. (ECF No. 10.)

On March 12, 2026, the Court granted the Petition and found that Petitioner was unlawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and ordered his release from custody. (*See generally* ECF No. 9.)

On April 13, 2026, Petitioner filed the instant Motion for Attorney's Fees under the EAJA. (ECF No. 13.) Petitioner argues that he is entitled to attorney's fees as the prevailing party because the Government's position in detaining him without a bond hearing was not "substantially justified." (ECF No. 13-1 at 3-7.) Respondents filed a response in opposition on May 4, 2026, arguing that their position before and during this matter was substantially justified. (*See* ECF No. 15.) Petitioner replied. (ECF No. 16.)

## II.    LEGAL STANDARD

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses ..., incurred by that party in any civil action (other than cases sounding in tort), ... brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Third Circuit found that "the EAJA unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026).

Under the EAJA, the Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)). "To satisfy this burden and defeat a prevailing party's

application for fees, the government must . . . demonstrat[e] '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *Id.* at 433 (citing *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998))). "'[I]n immigration cases, the Government must meet the substantially justified test twice': once for its underlying conduct and once for its decisions in the ensuing litigation about that conduct." *Id.* at 433 (citing *Johnson*, 416 F.3d at 210). Courts "do not assume the position of the Government was not substantially justified simply because it lost." *Id.* at 433 (citing *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009)).

## III.    DISCUSSION

In his Motion, Petitioner argues that the Respondents' position was not substantially justified. (ECF No. 13.) The Court disagrees.

The Court finds Respondents' pre-litigation position was substantially justified. Section 1225 provides in relevant part that "in the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). On September 5, 2025, the Board of Immigration Appeals ("BIA") adopted Respondents' argument and held that immigration courts could not conduct bond hearings for noncitizens who were detained pursuant to § 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Petitioner was detained on December 6, 2025. (ECF No. 7 at 2.) While the Court has found the BIA's position unsupported as a matter of law,[1] Respondents were following a binding

---

[1] *See Velasquez v. Noem*, No. 25-16797, 2025 WL 3653657 (D.N.J. Dec. 17, 2025).

3

administrative decision in detaining Petitioner. *See Martinez Amaya v. Bondi*, No. 26-1945, 2026 WL 1078278, at *2 (D.N.J. Apr. 21, 2026) (denying a motion for attorney fees under the EAJA and finding that the government's position was substantially justified because the government "did no more than follow a binding administrative decision in detaining [the] petitioner") (citing *Gjergj G. v. Edwards*, No. 19-5059, 2019 WL 3245104, at *2 (D.N.J. July 17, 2019) ("Given the state of precedent on this issue, this Court finds that the Government's position was substantially justified, even if ultimately unsuccessful."))

Likewise, the Court finds Respondents' litigation position was substantially justified during the pendency of this matter. Although this Court and many District Courts around the country have overwhelmingly rejected the BIA's interpretation of its authority to detain noncitizens pursuant to 8 U.S.C. § 1225(b), both the Fifth Circuit and the Eighth Circuit have agreed with Respondents' position and held that "applicants for admission" are subject to detention under Section 1225(b)(2)(A). *See Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted [noncitizens] already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States). Also, a three-judge panel of the Seventh Circuit recently considered Respondents' position that noncitizens unlawfully living in the United States are subject to mandatory detention under § 1225(b)(2) but split on the merits of Respondents' position on a 1-1-1 basis. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 857 (7th Cir. May 5, 2026). Additionally, the Third Circuit has not yet addressed whether § 1225(b)(2) applied to Petitioner's detention, although two cases remain open and pending. *See Lopes De Andrade v.*

*Director Phila. Field Office Immigr. & Customs Enf't*, No. 26-1454 (3d Cir.); *Buele Morocho v. Warden Phila. FDC*, No. 26-1150 (3d Cir.).

Therefore, based on the above, the Court finds Respondents' position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Michel v. Mayorkas*, 68 F.4th 74, 80 (1st Cir. 2023) ("[A] string of court decisions going either way can indicate that the government's position is substantially justified." (internal quotation marks omitted)).

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, the Motion for Attorney's Fees (ECF No. 13) is **DENIED**. An appropriate Order accompanies this Opinion.


**DATED**: July 27, 2026

_____
**JULIEN XAVIER NEALS**
**United States District Judge**

5